**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICK TROMBLEY, on Behalf of Himself, His Minor Children
H and N,

                      Plaintiff,

        v.                                                                              8:11-CV-0569
                                                                          (GTS/DRH)

JOHN ONEILL, Individually and as Commissioner of
Essex County Department of Social Services;
JEFFERY LETSON, Individually and as Essex County
Child Protective Service Caseworker; KIM MARIE,
Individually and as Essex County Foster Care Caseworker;
RICHARD MEYER, Individually and Essex County Supreme
and Family Court Judge; JOHN DELEHANTY, Individually
and as Franklin County Assistant District Attorney;
DEREK CHAMPAGNE, Individually and as Franklin
County District Attorney; and MICHAEL GALLANT,
Individually and as Attorney for Essex County
Department of Social Services,

                      Defendants.

APPEARANCES

RICK TROMBLEY
Plaintiff pro se
Essex County Jail
Post Office Box 68
Lewis, New York   12950

DAVID R. HOMER
U.S. Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. Background.

    Presently before this Court is an application to proceed in forma pauperis, a civil rights

complaint and a motion for appointment of counsel filed by Rick Trombley ("Trombley" or

"plaintiff"). Trombley has not paid any fee relating to this action. Dkt Nos. 1-2, 4.

Trombley brings this action alleging various violations of his constitutional rights including malicious prosecution, due process violations, unlawful seizure and wrongful arrest. It appears Trombley is presently incarcerated on a violation of an order of protection which is the basis of the claims in his civil rights complaint. For a complete statement of Trombley's claims, reference is made to the complaint. Dkt. No. 1.

## II.  Initial Screening

The Court has reviewed Trombley's *in forma pauperis* application. *See* Dkt. No. 2. Because Trombley sets forth sufficient economic need, the Court finds that Trombley qualifies to proceed *in forma pauperis*.

Having found that Trombley meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

### A.   Defendant Judge Richard Meyer

Trombley's complaint names Richard Meyer, an Essex County and Family Court Judge, as a defendant in this action.  It appears that Judge Meyer presided over Trombley's child custody proceedings in family court.  It is well-established that "[j]udges enjoy *absolute immunity* from personal liability for 'acts committed within their judicial jurisdiction.'" See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  See Young, 41 F.3d at 51 (citation and internal quotations omitted).  Accordingly, defendant Meyer should be dismissed from this action with prejudice because he is absolutely immune from liability in this Section 1983 action.

### B.     Defendants Delehanty and Champagne

To the extent that District Attorney Champagne[1] and Assistant District Attorney Delehanty criminally prosecuted Trombley, defendants Champagne and Delehanty should be dismissed because "prosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). Accordingly, these defendants should be dismissed from this action on this ground as well.

### C.     Trombley's Motion for Appointment of Counsel

Turning to Trombley's motion for appointment of counsel (Dkt. No. 4), in Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  Terminate Control Corp., 28 F.3d at 1341 (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits, i.e., "whether the indigent's position was likely to be of substance."  McDowell v. State of N.Y., No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting Cooper v. A. Sargenti & Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).

---

[1] Trombley names District Attorney Champagne in the caption of the complaint and as a party; however, no allegations or claims of any kind as to Champagne are asserted within Trombley's complaint.

Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. Id.   This action was only recently commenced.  The defendants have not yet responded to the allegations contained in Trombley's complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Trombley's complaint wherein he states the facts surrounding his claim.  Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. See Harmon v. Runyon, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court denies Trombley's motion for appointment of counsel without prejudice.  After the defendants have responded to the allegations in plaintiff's complaint, he may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

### III. Conclusion

WHEREFORE, it is hereby

**RECOMMENDED** that the claims against Judge Richard Meyer,  District Attorney Derek Champagne and Assistant District Attorney John Delehanty be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. 5.4(a);  and it is further

**ORDERED**, that Trombley's motion for appointment of counsel (Dkt. No. 4 ) is **DENIED** without prejudice to renew at some future time for the reasons stated above; and it is further

**ORDERED**, that Trombley's *in forma pauperis* application is granted.[2] The Clerk shall issue summonses and forward them, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the remaining named defendants; and it is further

**ORDERED** that the Clerk is directed to schedule a Rule 16 conference before the assigned Magistrate Judge, and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York.  **Any paper sent by a party to the Court or**

---

[2] Trombley should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

**the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated:  June 14, 2011
       Albany, New York

_David R. Homer_
United States Magistrate Judge