UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICK TROMBLEY, on Behalf of Himself, and His Minor Children H and N,

Plaintiff,

8:11-CV-0569 (GTS/DRH)

v.

JOHN ONEILL, Individually and as Comm'r of Essex Cnty. Dep't of Soc. Servs.; JEFFERY LETSON, Individually and as Essex Cnty. Child Protective Serv. Caseworker; KIM MARIE, Individually and as Essex Cnty. Foster Care Caseworker; RICHARD MEYER, Individually and Essex Cnty. Supreme and Family Court Judge; JOHN DELEHANTY, Individually and as Franklin Cnty. Assist. Dist. Attorney; DEREK CHAMPAGNE, Individually and as Franklin Cnty. Dist. Attorney; and MICHAEL GALLANT, Individually and as Attorney for Essex Cnty. Dep't of Soc. Servs.,

Defendants.

---

APPEARANCES: OF COUNSEL:

RICK TROMBLEY
Plaintiff, *Pro Se*
Essex County Jail
Post Office Box 68
Lewis, New York 12950

TOWNE, RYAN & PARTNERS, P.C. — CLAUDIA A. RYAN, ESQ.; JOHN F. MOORE, ESQ.
Counsel for Defendants
450 New Karner Road
P.O. Box 15072
Albany, New York 12205

HON. GLENN T. SUDDABY, United States District Judge

**MEMORANDUM-DECISION and ORDER**

Currently before the Court in this *pro se* civil rights action, filed by Rick Trombley ("Plaintiff") against the seven above-captioned individuals ("Defendants"), is United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's claims against Defendants Meyer, Champagne, and Delehanty be dismissed pursuant to 28 U.SC. §1915(e)(2)(B) and N.D.N.Y. L.R. 5.4(a). (Dkt. No. 5.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's claims against Defendant Meyer, Champage, and Delehanty are dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his Complaint on May 23, 2011. (Dkt. No. 1.) Generally, in his Complaint, Plaintiff alleges that the above-captioned Defendants violated his constitutional rights when they illegally seized his children without adequate due process and wrongfully arrested him for assault. (Dkt. No. 1, "Facts.") More specifically, Plaintiff alleges, among other things, as follows: (1) on May 19, 2009, Defendant Jeffrey Letson, an employee of the Essex County Department of Child Protective Services, illegally entered his home without probable cause or a warrant and attempted to remove Plaintiff's two children; (2) on May 20, 2008, Defendant John Oneill, Commissioner of the Essex County Department of Social Services, filed a petition for removal of Plaintiff's sons, despite lacking the proper grounds to do so; (3) on May 20, 2008, Defendant Richard Meyer, Essex County Supreme and Family Court Judge, heard and granted the petition for removal despite lacking the authority to do so; (4) sometime between November 26, 2008, and December 4, 2008, Defendant John Delehanty, Franklin County Assistant District Attorney, had Plaintiff falsely arrested; (5) in September 2009, Defendant

Delehanty unlawfully sought Plaintiff's arrest for violating an order of protection despite dismissal of the charge by a Grand Jury in June 2009; and (6) Defendant Kim Marie, foster care case worker for Essex County, discriminated against him during the custody evaluation. (*Id*.) For a more detailed recitation of Plaintiff's allegations, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Homer's Report-Recommendation. (Dkt. Nos. 1, 5.)

**B. Magistrate Judge Homer's Report-Recommendation and Plaintiff's Objections to the Report-Recommendation**

On June 15, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed against Defendants Meyer, Champagne, and Delehanty pursuant to 28 U.S.C. §§1915(e)(2)(B), and directed service of process as to the remaining Defendants in the action. (*See generally* Dkt. No. 5.)

On June 29, 2011, Plaintiff filed an Objection/Clarification to the Report-Recommendation. (Dkt. No. 9.) In his Objection, Plaintiff first clarifies that the basis for his current incarceration is an assault charge and not a charge for violating an order of protection, and that the basis for the current action is the unfair treatment that he and his children received by "government agencies of Essex and Franklin [C]ounties" when they conspired to illegally seize his children and maliciously incarcerated him to prevent their return to his custody. (Dkt. No. 9.) Plaintiff then argues that Magistrate Judge Homer erred in recommending the dismissal of Plaintiff's claims against Defendants Meyer and Delehanty because (1) Defendant Meyer did not have legal jurisdiction to oversee the child neglect proceeding, and (2) Defendant Delehanty pursued a warrant for Plaintiff's arrest based on a probation violation which was dismissed, and in doing so, acted outside the scope of his authority as a prosecutor. (Dkt. No. 9.) Plaintiff did not submit an Objection with regard to the portion of the Report-Recommendation recommending dismissal of Defendant Champagne.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

1 *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

2 *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

3 *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

4 *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

5 *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B. Standard of Review Governing a Dismissal Pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)**

Magistrate Judge Homer correctly recited the legal standard governing a dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915(A). (Dkt. No. 5.) As a result, this standard is incorporated by reference in this Decision and Order. In addition, Magistrate Judge Homer correctly recited the legal standards governing prosecutorial and judicial immunity. (*Id*.) As a result, these standards are incorporated by reference in this Decision and Order.

**III. ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections do not specifically challenge the portion of Magistrate Judge Homer's Report-Recommendation recommending dismissal of Defendant Champagne. As a result, the Court need review this portion of the Report-Recommendation for only clear error. After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise. Magistrate Judge Homer employed the proper standard, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the portion of Magistrate Judge Homer's Report-Recommendation recommending dismissal of Defendant Champagne is accepted and adopted in its entirety for the reasons stated therein. The Court would add only that this portion of the Report-Recommendation would survive even a *de novo* review.

Turning to Plaintiff's Objections regarding the recommended dismissal of his claims against Defendants Meyer and Delehanty, the Court finds that these Objections are specific in nature. As a result, the Court reviews *de novo* the portions of the Report-Recommendation recommending dismissal of Defendants Meyer and Delehanty.

With regard to Plaintiff's claims against Defendant Meyer, it is well settled that judicial "immunity is overcome in only two sets of circumstances[:]" (1) when the judge's actions are

"nonjudicial," i.e., "not taken in the judge's judicial capacity"[;]and (2) when the judge's actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, Plaintiff argues in his Objections that Judge Meyer "never legally ha[d] jurisdiction" over him in the neglect proceeding, where Judge Meyer found that Plaintiff neglected his children by leaving them in his house for a period of time with their "alcoholic mother," because Judge Meyer previously permitted him to leave his house for work. (Dkt. No. 9.) Even assuming that Judge Meyer punished Plaintiff for engaging in conduct he had previously approved has no bearing on the issue of Judge Meyer having jurisdiction to preside over the neglect proceeding. As a result, and for the reasons stated by Magistrate Judge Homer in his Report-Recommendation, Plaintiff's claims against Defendant Meyer are dismissed on the ground of judicial immunity.

With regard to Plaintiff's claims against Defendant Delehanty, "[t]he key to whether a prosecutor should be afforded absolute immunity is the degree to which the specific conduct at issue is 'intimately associated with the judicial phase of the criminal process.'" *DiBlasio v. Novello*, 344 F.3d 292, 300 (2d Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 [1976]). "In assessing whether absolute immunity should attach to a prosecutor, . . . [courts should] . . . focus[] on the timing of the conduct at issue, drawing a distinction between the investigative and prosecutorial functions, . . . and the authority of the individual claiming immunity to make the decision to initiate a prosecution." *DiBlasio*, 344 F.3d at 300-01. Here, Plaintiff argues in his Objections that Defendant Delehanty did not act as a prosecutor when he had Plaintiff arrested in September 2009, but rather was acting as a probation officer when he "misrepresented" to Judge Robert Main, Jr. that Plaintiff had violated his probation, "thereby illegally acquiring a warrant to arrest [him]." (Dkt. No. 9.)

Based on Plaintiff's own allegations in his Complaint, he was required to return to jail upon his departure from in-patient counseling pursuant to a stipulation, which he failed to do following his departure from in-patient counseling. (*See generally* Dkt. No. 1.) As a result, his allegation that he left in-patient counseling and returned to out-patient counseling, i.e., he did not return to jail following his release from in-patient counseling, plausibly suggests that Defendant Delehanty had probable cause to apply for a warrant (regardless of the fact that, ordinarily, it is the probation officer who files for the warrant for a violation of probation).

The Court notes that it is unaware of any cases (nor has Plaintiff provided the Court with the citation to any cases) standing for the proposition that, when an individual is released from incarceration on probation, only the probation department possesses the legal authority to apply for a warrant to have that individual arrested for a violation of his probation. Indeed, the Court has found a handful of cases appearing to support the contrary proposition.[6]

---

[6] *See, e.g., Michigan v. Farmer*, 484 N.W.2d 407, 407-08 (Mich. App. 1992) ("[T]he trial court in this case overstepped its authority and impermissibly attempted to control the prosecuting attorney's exercise of discretion [in determining which charges to bring, including whether to independently request probation violation warrants]."); *California v. Smith*, No. B222443, 2011 WL 679323, at *1 (Cal. App. 2d Dist., Feb. 28, 2011) ("On December 24, 2009, by written motion, the district attorney requested that the court revoke appellant's probation and issue a warrant for defendant's arrest and remand appellant for further proceedings. A declaration sworn by the deputy district attorney stated he was informed by way of reports attached to his declaration that appellant was arrested for possession of cocaine on December 22, 2009. The trial court found good cause to preliminarily revoke probation and to issue a bench warrant."), *modifying on other grounds*, No. MA027346, Judgment (Superior Ct., Los Angeles Co., filed Feb. 5, 2010); *California v. Jackson*, No. B149063, 2002 WL 10060, at *1 (Cal. App. 2d Dist., Jan. 3, 2002) ("On August 26, 1998, after appellant was arrested for spousal assault, the prosecutor requested that probation be revoked. The next day probation was revoked and a bench warrant issued for appellant's arrest. Appellant was brought before the court on the warrant on November 16, 2000."), *modifying on other grounds*, No. KA037345, Judgment (Superior Ct., Los Angeles Co., filed March 12, 2001); *Hardman v. Texas*, 614 S.W.2d 123, 129 (Tex. Crim. Ct. App. 1981) ("On October 5, 1978, the Hon. Herbert B. Hancock district attorney, filed an application for revocation of probation with Judge Pierce, who then ordered a warrant of arrest to issue for appellant.").

As a result, the allegations in the Complaint plausibly suggest that Defendant Delehanty is entitled to, at a minimum, qualified immunity for his actions. More specifically, prosecutors of reasonable competence could disagree on the legality of Defendant Delehanty's actions, based on Plaintiff's factual allegations. *See, supra*, note 6 of this Decision and Order (collecting cases); *see also Malley v. Briggs*, 475 U.S. 335, 340 (1986) (holding that a police officer seeking a warrant is entitled to qualified immunity); *Gelatt v. Cnty. of Broome*, *N.Y.*, 811 F. Supp. 61, 68 (N.D.N.Y. 1993) (Scullin, J.) (noting that a probation official who "presents to a judge a set of facts to which he is swearing and requests that there is a need for an arrest warrant to be issued" is entitled to qualified immunity).[7]

For these reasons, and for the reasons stated by Magistrate Judge Homer in his Report-Recommendation, Plaintiff's claims against Defendants Meyer and Delehanty are dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** as against Defendants Meyer, Delehanty, and Champagne.

Dated: November 23, 2011
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[7] *Cf. Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that a prosecutor is absolutely immune from damages for "initiating a prosecution"); *Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1987) (finding that absolute immunity extends to filing criminal information and procuring arrest warrant).